**L. J. BARDWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 18801.   Promulgated January 11, 1927.

Before a debt can be deducted under section 214(a)(7) of the Revenue Act of 1921, it must be proven that the ascertainment of worthlessness took place in the taxable year.

*L. J. Bardwell* pro se.
*Jos. K. Moyer, Esq.,* for the respondent.

The Commissioner determined a deficiency of $238.43 in the petitioner's individual income tax for the calendar year 1923, by disallowing a deduction of $1,407.50, claimed as a worthless debt under section 214(a)(7) of the Revenue Act of 1921.

The facts were stipulated.

### FINDINGS OF FACT.

The petitioner, who is an individual residing in Minneapolis, Minn., was the owner of a Detroit Electric Brougham automobile which was used by himself and family for purposes other than in his business.

On December 10, 1920, the Kansas Casualty & Surety Co. of Wichita, Kansas, issued to the petitioner its combination automobile policy of insurance, No. CA 38194, covering a twelve-month period beginning December 23, 1920, at noon and ending December 23, 1921, at noon.

During the month of September, 1921, while the aforementioned Detroit Electric Brougham automobile was being operated by petitioner's daughter, who at that time was of legal age, it injured Mary M. Williams, a resident of Minneapolis, Minn., who brought suit in the District Court, Fourth Judicial District, State of Minnesota, against the petitioner for damages in the amount of $25,100. This suit was compromised for the sum of $3,207.50 on April 25, 1923.

On March 2, 1922, in the case of *Vernon H. Branch et al* v. *Kansas Casualty & Surety Co. et al.*, in the District Court of Sedgwick County, Kansas, a receiver was appointed for said Surety Company. He later admitted liability on behalf of the company under the policy of insurance issued to the petitioner.

On account of the financial condition of the Kansas Casualty & Surety Co., petitioner's attorneys advised him to accept the sum of $1,900 from said company in preference to obtaining judgment for the amount of $3,207.50 against the company.

On April 25, 1923, the petitioner paid to Mary M. Williams the sum of $1,307.50 from his personal funds, at the same time endorsing to her the draft in the amount of $1,900 issued to him on that day by the receiver for the Kansas Casualty & Surety Co., which the petitioner accepted in full payment of his claim against the company.

Petitioner claimed a deduction in his return in the amount of $1,407.50. However, he concedes now that $100 of this amount, representing attorneys' fees, is not an allowable deduction, and alleges error only to the extent of $1,307.50 which was disallowed as a deduction by the Commissioner for the calendar year 1923.

### OPINION.

MURDOCK: It is the contention of the petitioner that on and after the day of the accident in September, 1921, the insurer owed him a debt in an unascertained amount, that the amount of this debt was, on the day a compromise was agreed upon, ascertained to be $3,207.50, and that, having ascertained that a portion of this debt was worth-

less, he charged off $1,307.50 of it on April 25, 1923, when he accepted $1,900 from the insurer in full payment of the debt. We note that the petitioner alleged that the policy of insurance was to indemnify him against loss, but the stipulation is silent as to the terms of the policy. Before we could decide this case in favor of the petitioner on the reasoning advanced by him, it might be necessary to inquire more fully into this question of loss in relation to the facts in the case. In addition we are unable to find from the evidence that the amount here sought to be deducted was ever " charged on " by the petitioner in his accounts, and therefore we must decide against him under the authority of our decision in the *Appeal of Charles A. Collin,* 1 B. T. A. 305.

However, admitting for the moment the soundness of the petitioner's contention, he has failed to prove that in the taxable year he ascertained this alleged debt to be worthless. The receiver for the insurer was appointed in March, 1922. We do not know when the compromise was first agreed upon, nor when the petitioner's attorney advised the acceptance of $1,900. This failure of proof is fatal to the petitioner's claim. *Appeal of Murchison National Bank,* 1 B. T. A. 617; *Appeal of Joseph E. Reid Estate,* 2 B. T. A. 1198; *Appeal of Anderson & Lind Mfg. Co.,* 2 B. T. A. 1297; *Appeal of Masajiro Furuya,* 4 B. T. A. 357; *R. C. Middleton v. Commissioner,* 5 B. T. A. 205. See also the *Appeal of Alemite Die Casting & Manufacturing Co.,* 1 B. T. A. 548, in connection with charging off a debt upon the advice of an attorney.

It is agreed by all parties to this appeal that this loss is not deductible under section 214(a)(6) of the Revenue Act of 1921. *Charles N. Burch v. Commissioner,* 4 B. T. A. 604.

*Judgment will be entered for the Commissioner.*

PHILLIPS and TRUSSELL dissent.